IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SHANNON L. STEPHEN<br>TRUSTEE OF THE 905 CR 3821<br>LAND TRUST<br>    *Plaintiffs,*<br><br>v.<br><br>ROYAL PACIFIC FUNDING<br>CORPORATION, et al<br>    *Defendant(s)* | §§§§§§§§§§§    CIVIL ACTION NO. 5:22-cv-00389 |

## NOTICE OF REMOVAL

Defendant, Royal Pacific Funding Corporation ("ROYAL PACIFIC"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the 454th District Court of Medina County to the United States District Court for the Western District of Texas, San Antonio Division. The grounds for removal are as follows:

### I. PROCEDURAL BACKGROUND

1. Plaintiff commenced this action by filing Plaintiff's Original Petition Application for Temporary Restraining Order and Temporary Injunction. (the "Complaint") on April 4, 2022, in Medina County, Texas in order to stop the April 5, 2022, foreclosure of real property and improvements located at 905 County Road 3821, San Antonio, Texas 78253 (the "Property"). The case was docketed at 22-04-27638-CV (the "State Court Action") and assigned to the 454th District Court of Medina County. In its Original Petition, Plaintiff asserts claims against Defendant for breach of contract and wrongful foreclosure premised on the allegation that Defendant will not provide a payoff figure. Plaintiff seeks injunctive relief, fees, and costs.

2.  Defendant has not been served with citation in this matter. Defendant filed its Original Answer on April 21, 2022.

3.  Pursuant to 28 U.S.C. §1446(b)(3), this Notice of Removal must be filed within thirty days of the service of the Complaint and summons. Defendant was not served with citation or a copy of the Complaint, but voluntarily filed an answer on April 21, 2022. Defendant's answer constitutes a voluntary waiver of service under Texas Rule of Civil Procedure 119 and 120. The thirty-day removal deadline began to run on the date of Defendant's answer. Defendant timely files this Notice of Removal on April 21, 2022. *See George-Bauchand v. Wells Fargo Home Mortg., Inc.* 2010 WL 5173004, at *4 (S.D.Tex. Dec. 14, 2010) (finding that in the absence of service of citation, the deadline to remove case began to run upon defendant voluntarily filing an answer).

4.  No party made a jury demand in the State Court Action.

## II.   PROCEDURAL REQUIREMENTS

5.  Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. §1446, Defendant attaches the following to this Notice of Removal:

   a. A Civil Cover Sheet and Supplemental Cover Sheet (**Exhibit 1**);

   b. Plaintiff's Complaint and Bond Receipt; and Defendant's Original Answer and Counterclaim (**Exhibit 2**);

   c. Temporary Restraining Order signed by State Court Judge on March 1, 2022 (**Exhibit 3**);

   d. A copy of the State Court's Docket Sheet (**Exhibit 4**);

   e. An Index of All Documents Being Filed (**Exhibit 5**);

   f. A list of all counsel of record, including addresses, telephone numbers, and parties represented (**Exhibit 6**);

   g. Medina County Appraisal District's valuation report relating to the Property (**Exhibit 7**); and

    h. Disclosure Statement and Certificate of Interested Parties (**Exhibit 8**).

These documents are arranged in chronological order according to the state court file date.

  6. Concurrent with the filing of this Notice, Defendant is serving this Notice on Plaintiff and filing a copy of the Notice with the District Clerk of Medina County.

  7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b)(2) and 144(a), because the United States District Court for the Western District of Texas, San Antonio Division is the federal judicial district embracing Medina County, Texas, where this action was originally filed.

  8. Defendant is filing its *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit 8.**

  9. Defendant reserves the right to assert any defenses and/or objections to which they may be entitled.

### III. BASIS FOR REMOVAL JURISDICTION

**A. DIVERSITY JURISDICTION.**

  10. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

  11. The Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) if plaintiff is not a citizen of the same state as defendant and the amount in controversy exceeds $75,000.00. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017 (1990); 28 U.S.C. § 1332(a).

i. **The Parties are Diverse; the Substitute Trustees are Improperly Joined.**

12. Plaintiff, Shannon L. Stephen individually and as Trustee of the 905 County Road 3821, San Antonio, Texas 78253 is an individual residing in Medina County, Texas. *See* Complaint, p. 1, ¶ 2. For purposes of diversity, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning to whenever he is absent there from. *See Preston v. Tenet Healthsytem Mem'l Med. Ctr.*, 485 F.3d 793, 797-798 (5th Cir. 2007). Plaintiff, therefore, is a citizen of Texas.

13. Defendant, Roayal Pacific Funding Corp. is a California Corporation with its principal place of business located at 4000 MacArthur Blvd., West Tower – 7th Floor, Newport Beach, California 92660. A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. §332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Royal Pacific Funding Corporation is therefore a citizen of California.

14. Plaintiff is a Texas Citizen and Defendant is a California Corporation which conducts business in the State of Texas. Complete diversity of the parties exists.

15. In addition to Royal Pacific Funding Corporation, Plaintiff names twelve individuals as defendants: Troy Martin, Deborah Martin, Amy Ortiz, Alexis Martin, Cassie Martin, Terri Martin, Shelby Martin, Vicki Rodriguez, Martha Rossington, Ramon Perez, Beatriz Sanchez and Chris Lafond. Plaintiff refers to the individual defendants collectively as "Foreclosure Trustee" and acknowledges that they "are the identified trustees who may sell the subject property at a foreclosure sale, as per the foreclosure notice."[1]

---

[1] Complaint, p. 2, §2.4.

16.     The Substitute Trustees' presence in this suit do not destroy diversity jurisdiction although each of the named Substitute Trustees are citizens of Texas. Plaintiff's causes of action are not directed at the Substitute Trustees. Plaintiff named the Substitute Trustee in this suit to enjoin them from conducting the foreclosure and conveying title to the property. The Substitute Trustees do not have, nor are they alleged to have, any interest either in the property or the security instrument at issue, and only hold the property in trust, making them nominal parties whose citizenship may be disregarded for purposes of diversity jurisdiction. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (A defendant "must be real and substantial part[ies] to the controversy….[A] federal court must disregard nominal…parties…."); *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) ("…[T]he citizenship of nominal or formal parties who have no real interest in the dispute before the court may disregarded, even though they may be required by law or court order to join in the lawsuit."); *Hirsch v. Stone*, 62 F.2d 120, 122 (5th Cir. 1932) ("A trustee, having neither title to nor interest in the property, is not a necessary party to a suit to foreclose a lien.").

17.     Furthermore, a trustee is immune from liability "for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their representative or third party." TEX. PROP. CODE § 51.007(f). Plaintiff does not allege any misconduct that gives rise to a legally cognizable claim against the Substitute Trustees. They are therefore improperly joined. *See Cantor v. Wachovia Mortg., F.S.B.*, 641 F.Supp. 2d 602, 609-12 (N.D. Tex. 2009) (holding trustee named in action to halt foreclosure was improperly joined because § 51.007 prevents plaintiff from recovering against a trustee); *Cook v. Wells Fargo Bank, N.A.*, 10-cv-0592, 2010 WL 2772445 (N.D. Tex. July 12, 2010) (same); *Brittingham v. Ayala*, 995 S.W.2d 199 (Tex. App.—San Antonio 1999, n.p.h.) (concluding an injunction is an equitable

remedy and not a cause of action). Section 51.007(e) clearly states Plaintiffs can seek injunctive relief if the Substitute Trustees are dismissed altogether. See TEX. PROP. CODE § 51.007(e). To this end, the Substitute Trustees have not been properly joined and their citizenship cannot destroy diversity jurisdiction.

### ii. Amount in Controversy Exceeds 75,000.00

18. Removal is proper where a defendant can show by a preponderance of the evidence that the amount in controversy is greater than $75,000.00. "The test is whether it is more likely than not that the amount of the claim will exceed the jurisdictional minimum." *St. Paul Reinsurance Co. Ltd. V. Greenburg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998). A defendant can meet this burden if other evidence shows the amount in controversy is more likely than not to exceed $75,000.00. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.2d 720, 723 (5th Cir. 2002).

19. Plaintiff sues for injunctive relief to maintain title and possession of the Property. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Also see Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 346 (1977) and *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). "'[W]hen…a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortgage, LLC v. Knox*, 351 Fed.Appx. 844, 2009 WL 2605356 (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d. 545, 547–48 (5th Cir. 1961)). The fair market value of property is an appropriate measure of the value of the injunctive relief sought to stop foreclosure of property. *See Berry v. Chase Home Finance, LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009); *Govea v. JPMorgan Chase Bank, N.A.*, No. 10-cv-3482, 2010 WL 4781297, at *3 (S.D.

Tex. Dec. 10, 2010); *Azzum v. Wells FargoBank, N.A.*, No. 10-cv-4616, 2011 WL 149350 (S.D. Tex. Jan. 18, 2011); *Griffin v. HSBC Bank USA*, No. 10-cv-728-L, 2010 WL 4781297, at *3 (N.D. Tex. Nov. 24, 2010); and *Martinez v. BAC Home Loans Servicing, LP*, No. SA-09-CA-951-FB, 2010 WL 6511713 (W.D. Tex. Sept 24, 2010).

20. In this case, Plaintiff seeks injunctive relief to restrain and enjoin Defendant from conducting a foreclosure sale of Property. Clearly the object of Plaintiff's litigation is the property. The Property, 905 County Road 3821, San Antonio, Texas 78253, is currently appraised at $147,170.00 according to the Medina County Appraisal District.[2]

21. Complete diversity exists between Plaintiff and Defendant. The value of the property in controversy exceeds $75,000.00. *See* Exhibit 7. Accordingly, this Court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## V.  **CONCLUSION**

22. For the foregoing reasons, Defendant, Royal Pacific Funding Corporation, respectfully ask this Court to accept this Notice of Removal, that further proceedings in the State Court Action be discontinued and that this suit be removed to the United States District Court for the Western District of Texas, San Antonio Division.

---

[2] A printout from the website maintained by the Medina County Appraisal District is attached as Exhibit 7. The facts contained in the Medina County Appraisal District report are generally known within the territorial jurisdiction of this Court and are capable of being accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned. Moreover, these facts are adjudicative in that they evidence value. As such, these facts are subject to judicial notice under Federal Rule of Evidence 201. *Also See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011); (It is appropriate for the court to take judicial notice of the Harris County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and the source – the Harris County Tax Appraisal District – cannot be reasonably questioned.). *S.E.C. v. Reynolds*, 2008 WL 4561560, at *3 (N.D. Tex. October 9, 2008) (indicating that the Court had taken judicial notice of publicly available information by reviewing appraised values as reported by the Collin County Appraisal District); *In re Adebo*, 2007 WL 3235122, at *1 (Bkrtcy. S.D. Tex. November 1, 2007) (the Court taking judicial notice of the Harris County Appraisal District valuation). SLS asks the Court to take judicial notice of Exhibit 7 and the information reported by the Medina County Appraisal District in Exhibit 7 attached hereto.

Dated: April 21, 2022.

                                    Respectfully submitted,

                                    **HUGHES WATTERS ASKANASE, LLP**

By: _____
      Damian W. Abreo
      Texas Bar No. 24006728
      Total Plaza
      1201 Louisiana Street, 28th Floor
      Houston, Texas 77002
      (713) 759-0818 (Telephone)
      (713) 759-6834 (Facsimile)
      dabreo@hwa.com (E-mail)

**ATTORNEY FOR DEFENDANT,
ROYAL PACIFIC FUNDING CORPORATION**

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Notice of Removal was forwarded to all parties and/or their attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this the 21st day of April, 2022, addressed as follows:

***Via Email: geoff.mayfield@gmail.com***
Geoffery Mayfield
Attorney at Law, P.C.
14603 Huebner Road
Building 32
San Antonio, Texas 78229
**ATTORNEY FOR PLAINTIFF**

                                    _____
                                    Damian W. Abreo